Filed 4/23/26  P. v. Rizo CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

| | |
|---|---|
| THE PEOPLE, | C102276 |
| Plaintiff and Respondent, | (Super. Ct. No. CR20175787) |
| v. | |
| CHRISTIAN RIZO, | |
| Defendant and Appellant. | |

Defendant Christian Rizo appeals from the trial court's order denying his petition for resentencing under Penal Code section 1172.1.[1]  In his appellant's opening brief, defendant did not identify a specific appellate contention in a separate heading (see Cal. Rules of Court, rule 8.204(a)(1)(B)), but in the body of his opening brief, he referred to the argument he asserted in the trial court:  that changes to Evidence Code section 352.2 triggered resentencing under section 1172.1.  In their respondent's brief in this court, the People argued the trial court order denying the petition for resentencing is not appealable and the appeal should be dismissed.

We directed the parties to submit supplemental briefing addressing whether the trial court had authority to grant the relief sought by defendant in his petition for

---

[1]  Undesignated statutory references are to the Penal Code.

1

resentencing, whether the trial court's denial of the petition affected defendant's substantial rights, whether the denial was appealable, and whether the appeal should be dismissed.

In his supplemental brief, defendant argued the trial court had authority to grant relief under section 1172.1 because the enactment of Evidence Code section 352.2 was a change in the applicable sentencing laws. Defendant also argued the trial court's authority was not limited by section 1172.1, subdivision (c); the trial court's denial affected his substantial rights; and the appeal should not be dismissed. The People countered that although the trial court had authority to resentence defendant based on changes to section 1385, it did not have such authority based on the enactment of Evidence Code section 352.2, and in any event, the trial court's denial did not affect defendant's substantial rights. Again, the People argued the appeal should be dismissed.

We conclude the trial court evaluated and denied defendant's petition on the merits, thus affecting defendant's substantial rights, and thus the denial is an appealable order. But the enactment of Evidence Code section 352.2 did not trigger the trial court's authority to recall defendant's sentence under section 1172.1. And although the changes to section 1385 may have triggered trial court authority to resentence defendant under section 1172.1, defendant did not raise that claim in this appeal.

We will affirm the trial court's order.

BACKGROUND

The facts underlying defendant's convictions are not relevant to this appeal, but a detailed summary can be found at *People v. Rizo* (Aug. 23, 2021, C088543) [nonpub. opn.] (*Rizo*).[2] In May 2018, a jury found defendant guilty of first degree, special circumstance murder (§§ 187, subd. (a), 190.2, subd. (a)(22)), unlawful possession of a

---

[2] On our own motion, we take judicial notice of our prior opinion in *Rizo, supra*, C088543. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

firearm (§ 29815, subd. (a)), carrying a loaded firearm in public by an active gang participant (§ 25850, subds. (a), (c)(3)), and criminal street gang activity (§ 186.22, subd. (a)). The jury also found true various gang and firearm enhancements. In December 2018, the trial court sentenced defendant to life without the possibility of parole plus seven years. Defendant appealed and this court affirmed the judgment.

In February 2024, defendant petitioned the trial court for resentencing under section 1172.1 based on changes to sections 12022.5 and 12022.53, Evidence Code section 352.2, and section 1385, subdivision (c). The trial court placed the matter on calendar for a hearing later that month. At that subsequent hearing, the trial court set a date for the People to respond to defendant's petition. The trial court subsequently set the matter for a second hearing, together with defendant's resentencing petition in another case.[3]

In March 2024, the People argued that defendant's petition was not ripe for consideration because section 1172.1 did not require the trial court to respond to the petition. Before addressing the merits, the People asked the trial court whether it intended to consider defendant's petition.

At a June 2024 hearing, the trial court indicated it may or may not recall and resentence defendant, but either way, it wanted the People to file a written response on the merits. The trial court set a briefing deadline and scheduled a third hearing to decide whether to grant the request for resentencing.

The People opposed the petition on the merits, arguing defendant was not entitled to section 1172.1 recall and resentencing under Evidence Code section 352.2 because the changes to the Evidence Code did not apply retroactively. The People further argued that

---

[3] Defendant also petitioned for resentencing in Yolo County Superior Court, case No. CRF18-2958, where he was convicted of numerous felonies and sentenced to an aggregate term of 21 years eight months in prison.

3

the changes to sections 12022.5, 12022.53, and 1385, subdivision (c) were effective before defendant's judgment became final, and hence the trial court previously had discretion to consider those sentencing issues.

The trial court heard defendant's resentencing petition in October 2024. It confirmed that the victims of defendant's crimes had been given notice of the hearing and they did not intend to appear. Defendant argued the trial court had authority to resentence him under section 1172.1, and it was in the interest of justice to do so. Defendant acknowledged that for the trial court to resentence him, there had to be a change in the law applicable to him. He argued that although section 1172.1 expressly refers to changes in sentencing laws, the trial court nevertheless had the authority to resentence him based on any change in the law that would apply to him. According to defendant, the changes to Evidence Code section 352.2, while not a change in sentencing laws, gave the trial court authority to recall his sentence because the People had relied on artistic expressions like rap music to convict him.

Defendant asserted that his post-conviction conduct warranted resentencing. Although he had two "write-ups" in prison, he said he was challenging a third one. According to defendant, he obtained a GED in July 2023 and performed so well that he was invited to work in the prison's GED program. He was taking college courses in prison.

The People argued Evidence Code section 352.2 did not warrant resentencing because the creative expression evidence had been subjected to analysis under Evidence Code sections 402 and 403 at trial and that evidence was only part of the evidence considered. The People urged that resentencing was not in the interest of justice and not in furtherance of public safety.

The trial court found that sections 12022.5 and 12022.53 had been amended prior to defendant's original sentencing and did not trigger section 1172.1 because they were not changes to the sentencing laws that occurred after defendant was sentenced. The trial

4

court added that although Evidence Code section 352.2 was not a sentencing law, it was a change that could trigger section 1172.1 relief, and thus the trial court needed to determine the interests of justice.

The trial court found no evidence undermining the integrity of defendant's convictions or that defendant's constitutional rights had been violated. It considered defendant's conviction and post-conviction record, his age, evidence of childhood trauma, and whether continued incarceration was in the interest of justice. The trial court concluded that although defendant had done reasonably well since the time of his sentencing in 2018, on balance it declined to recall the sentence and resentence him.

## DISCUSSION

### A

The People note that a defendant cannot initiate a section 1172.1 petition for resentencing. Citing *People v. Hodge* (2024) 107 Cal.App.5th 985 (*Hodge*), they argue the trial court's denial order is not appealable. The People claim that because defendant had no right to receive a response from the trial court, the trial court's denial did not affect defendant's substantial rights, and we should dismiss the appeal. We conclude otherwise.

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) Section 1172.1, subdivision (a)(1), effective January 1, 2024, provides that the trial court may, "on its own motion, … at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law, … recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence."

5

Section 1172.1, subdivision (c) expressly states, however, that "[a] defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." Thus, " 'a defendant who chooses to file an unauthorized request for resentencing has no right to a ruling.' " (*People v. Roy* (2025) 110 Cal.App.5th 991, 998, italics omitted (*Roy*), quoting *Hodge, supra*, 107 Cal.App.5th at p. 996.) Section 1172.1 does not address whether a trial court's dismissal of a defendant's request for recall and resentencing under the statute is appealable. But several courts, including this one, have interpreted the second sentence in section 1172.1, subdivision (c) to mean that a defendant does not have a substantial right at stake when they request recall and resentencing. (*People v. Brinson* (2025) 112 Cal.App.5th 1040, 1045; *Roy,* at pp. 998-999; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 696; *Hodge,* at p. 996.) As *Hodge* explained, the relevant sentence in section 1172.1, subdivision (c) "excuses the trial court from any responsibility to rule on such a request, or even to respond. It follows that a defendant who chooses to file an unauthorized request for resentencing has no right to a ruling. The defendants may have a liberty interest at stake in any decision as to whether they should remain incarcerated. But a defendant has no right to demand that the trial court actually make such a decision. If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one." (*Hodge,* at p. 996, italics omitted; see *Roy,* at p. 998.)

Conversely, appellate courts have held that where the trial court undertakes to make a resentencing decision on the merits after a defendant has filed a petition pursuant to section 1172.1, the defendant is entitled to an appeal. (*People v. Craig* (2026) 117 Cal.App.5th 1165, 1172-1173 (*Craig*); *People v. Olea* (2025) 115 Cal.App.5th 889, 902 (*Olea*).) In both *Craig* and *Olea*, the trial court reviewed briefs and other documents, considered postconviction factors, heard further argument, and denied resentencing. In those cases, the appellate courts concluded that the trial court had evaluated and denied

the defendant's petition on the merits, thus affecting the defendant's substantial rights, and thus the trial court's decision was appealable. (*Craig*, at pp. 1172-1173, quoting *Olea*, at p. 902.)

Here, as in *Olea* and *Craig*, the trial court effectively evaluated and denied defendant's petition on the merits. After defendant filed his petition, the trial court set a status conference and a briefing schedule. When the People asked the trial court whether it would consider recalling defendant's sentence, the trial court directed the People to address the merits. Additionally, the trial court invited the victims to be heard at a hearing, it considered the parties' arguments, and it considered whether resentencing defendant would be in the interest of justice.

In short, the trial court evaluated and denied defendant's petition on the merits, thus affecting his substantial rights. (*Olea, supra*, 115 Cal.App.5th at p. 902.) We thus conclude the order is appealable. (*Craig, supra*, 117 Cal.App.5th at pp. 1172-1173, quoting *Olea,* at p. 902.)

B

Defendant contends Evidence Code section 352.2 triggered the trial court's authority to recall his sentence under section 1172.1. We disagree.

A trial court can only act on its own motion to recall a sentence under section 1172.1 "if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1).) Defendant claims the enactment of Evidence Code section 352.2 constitutes such a change in sentencing laws. However, he offers no authority or reasoned argument to support his claim. As a result, we may deem the claim forfeited. (See *People v. Stanley* (1995) 10 Cal.4th 764, 793; see also Cal. Rules of Court, rule 8.204(a)(1)(B).) In any event, and contrary to defendant's claim, Evidence Code section 352.2 is not a new sentencing law. It is a " 'neutral' rule of evidence." (*People v. Aguirre* (2025) 18 Cal.5th

7

629, 691.)  Accordingly, its enactment did not trigger the trial court's authority to recall his sentence under section 1172.1.

C

In their supplemental brief, the People suggest that the trial court had authority to recall defendant's sentence under the changes to section 1385 brought about by Senate Bill No. 81, effective January 1, 2022.  However, the People address an argument defendant has not made in this appeal.  Defendant did not mention section 1385 in either his opening brief or his supplemental brief.  Accordingly, we do not address the issue.

DISPOSITION

The October 11, 2024 order denying defendant's petition for resentencing is affirmed.

/S/
MAURO, J.

We concur:


/S/
HULL, Acting P. J.


/S/
MESIWALA, J.